**UNITED STATES of America,**

v.

**Haywood HINTON, a/k/a "Ameer Hasan," Defendant.**

**No. 00–125(JBS).**

United States District Court, D. New Jersey.

Dec. 20, 2000.

certification on the Section 11 and 12 claims, as that is what was argued in the opening brief.

Robert J. Cleary, United States Attorney by Gail Zweig, Assistant U.S. Attorney, Newark, NJ, for U.S.

Edward F. Borden, Jr., Earp Cohn P.C., Westmont, NJ, for Defendant.

## OPINION

SIMANDLE, District Judge:

According to the government, defendant Haywood Hinton, a/k/a "Ameer Hasan," committed one violation of 18 U.S.C. §§ 1344 and 2 when he knowingly and wilfully executed and attempted to execute a single scheme to defraud six separate financial institutions, and to obtain money, funds and assets owned by and under the control of such financial institutions, by means of materially false and fraudulent pretenses, representations, and promises. Presently before the Court are Hinton's motions to dismiss the indictment as duplicitous and also for a bill of particulars that would detail each alleged transaction, including times, dates, locations, and accomplices which the government claims were a part of defendant's overall scheme to defraud. The principal issue to be determined is whether a one-count indictment alleging that the defendant defrauded six separate financial institutions by employing similar means and measures in various times and places, employing different confederates, suffers from duplicity by alleging multiple crimes within a single count.

After careful consideration of Hinton's motions and the government's response thereto, and the Court having heard oral argument on November 16, 2000, and having received supplemental submissions thereafter, the Court finds that the Second Superseding Indictment is duplicitous and will dismiss same unless the government, within 20 days, elects a single bank fraud charge from among those in the duplicitous count or supersedes this indictment with non-duplicitous charges. The Court will dismiss without prejudice defendant's motion for a bill of particulars as premature, pending the return of a Third Superseding Indictment.

## I. BACKGROUND

Defendant, Haywood Hinton, a/k/a Ameer Hasan, was first indicted for one count of executing a bank fraud scheme in violation of 18 U.S.C. §§ 1344 and 2 on March 22, 2000. The first one-count Superseding Indictment was returned on August 20, 2000.

On or about November 15, 2000, the Grand Jury returned a one-count Second Superseding Indictment against defendant, charging that from in or about December,

1997 through in or about March, 1999, defendant knowingly and willfully executed and attempted to execute a single scheme and artifice to defraud six financial institutions, namely, First Union National Bank, Sovereign Bank, PNC Bank, N.A., Fleet Bank, N.A., Summit Bank, and Colonial Bank, F.S.B. (collectively, the "Banks"), and to obtain money, funds and assets owned by or under the control of the Banks. (*See* Second Superseding Indictment, Nov. 15, 2000.) The Second Superseding Indictment specified several means by which defendant allegedly executed that single scheme, including, providing other individuals with false documentation, causing other individuals to open accounts at the Banks under fictitious names and using false identification, causing others to negotiate checks when he knew that neither he nor the others were entitled to such funds, personally negotiating checks, the proceeds of which he knew he was not entitled to, and causing another

to negotiate a check in the amount of $1,433.00 at the PNC Bank, N.A. in Cinnaminson, New Jersey. (*See id.*) Other than identifying the banks, and the one transaction, the Second Superseding Indictment provides no further details.

Discovery has been extensive and has revealed that the scheme is evidenced by approximately 128 transactions at six banks involving nine different confederates, with a summary chart (produced in draft on November 15, 2000) providing the information on a transaction-by-transaction basis regarding the name of the other person involved, his or her fictitious identity, the bank utilized, the location of the transaction, the account utilized, the date of the incident, the checks utilized, the check number and the check amount. By the Court's reckoning, the approximate breakdown of these transactional allegations is as follows:

| Financial Institution | Earliest and Latest Dates | Number of Persons Used [1] | Number of Accounts Used | Number of Transactions |
|---|---|---|---|---|
| PNC Bank, NA | 05/08/98 | 1 | 2 | 6 |
| Colonial Bank, FSB | 05/07/98 | 1 | 2 | 4 |
| First Union National Bank | 01/07/98 through 05/06/98 | 3 | 5 | 11 |
| Sovereign Bank | 12/01/971 through 03/16/99 | 4 | 11 | 89 |
| Fleet Bank | 12/17/97 through 12/30/97 | 1 | 2 | 9 |
| Summit Bank | 12/29/97 through 12/31/97 | 1 | 2 | 9 |

This motion, attacking the manner in which this single-count indictment is framed, does not call upon the court to weigh or determine the sufficiency of any evidence, but this summary of transactional evidence is necessary to understand the contour of the crime or crimes charged as

the Court next evaluates the parties' positions.

## II. *DISCUSSION*

For purposes of these motions, the Court examines the Second Superseding

1. Three of the alleged confederates (H. Hinton, K. Huggins, and T. Evans) were used in connection with one bank each, one (S.Street) was involved with two banks, and the remaining two (F. Roseley and L. Saunders) were each involved with three banks.

Indictment (filed November 15, 2000), as defendant's motion was initially directed at the First Superseding Indictment, which was itself superseded before oral argument herein. Defense counsel orally renewed the motions as to the Second Superseding Indictment, arguing that it had not cured the impairments of the earlier charge. Accordingly, this Opinion will refer to the Second Superseding Indictment, or simply "the indictment," interchangeably.

### A. *The Second Superseding Indictment*

Defendant seeks to have the Second Superseding Indictment dismissed as duplicitous. The Second Superseding Indictment charges, in a single count, that:

> From at least as early as December, 1997 through in or about March, 1999, in Burlington County, in the District of New Jersey and elsewhere, defendant Haywood Hinton, a/k/a/ "Ameer Hasan" did knowingly and wilfully execute and attempt to execute a scheme and artifice to defraud **various financial institutions, including the Banks,** and to obtain money, funds and assets owned by and under the custody and control of such financial institutions, by means of materially false and fraudulent pretenses, representations and promises, as more fully set forth below.

(Second Superseding Indictment, para. 2, Nov. 15, 2000)(emphasis added). The indictment goes on to charge several means and methods by which defendant allegedly perpetrated this bank fraud scheme. Defendant argues that because the government cannot and will not prove that any single transaction or scheme execution occurred, it is improperly charging multiple transactions and scheme executions in a single count indictment in an attempt to

win a conviction. This type of indictment, argues defendant, is duplicitous and must be dismissed.

The government does not dispute the impropriety of a duplicitous indictment. It argues, however, that the present indictment is not duplicitous because it charges only a single scheme to defraud six financial institutions in violation of 18 U.S.C. §§ 1344 and 2.

■■■ The bank fraud statute reads as follows:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344. The fact that the indictment charges defendant under both prongs of Section 1344, in and of itself, does not make the indictment duplicitous.[2]

### B. *The Arguments of the Parties*

Defendant seeks the dismissal of the Second Superseding Indictment because, he argues, it charges multiple executions of bank fraud schemes and that it therefore would be difficult for a jury to render a finding about each transaction, and would also be essentially impossible for the court to determine whether a conviction rested on one or more executions of any bank fraud scheme. Defendant asserts that the government's decision to charge him in a one count Second Superseding Indict-

**2.** As the Third Circuit directly addressed the issue: "According to the statute [18 U.S.C. § 1344], the Defendant can be convicted of bank fraud if the Government proves beyond a reasonable doubt that the Defendant knowingly (1) engaged in a scheme to defraud a federally insured financial institution, or (2) participated in a scheme to obtain money by means of false statements or representations." *United States v. Goldblatt,* 813 F.2d 619, 624–25 (3d Cir.1987).

ment for bank fraud was based on their inability to prove any of the underlying transactions as separate offenses. The defendant charged that the government was doing little more than "fling[ing] a great deal of spaghetti at the wall, hoping that enough [would] stick[ ] to convict the defendant of a single 30–year count." (Defs.' Br. at 2.)

The Second Superseding Indictment in this case charges defendant with one count of bank fraud against six separate financial institutions in violation of 18 U.S.C. §§ 1344 and 2. Defendant distinguishes the cases involving mail fraud cited by the government by emphasizing the crucial difference between mail fraud and bank fraud cases—that is, while mail fraud turns on the mere existence of the scheme accompanied by an act of mailing, bank fraud turns on the execution of the scheme. (Borden Letter, Dec. 5, 2000.) In support of his position defendant quotes the District of Columbia Circuit Court, which wrote, for bank fraud, "[t]he unit of prosecution is not the scheme but the execution. If [the defendant] did not execute the scheme, he would not be guilty." *United States v. Bruce,* 89 F.3d 886, 889 (D.C.Cir.1996) (quoting *United States v. Pless,* 79 F.3d 1217, 1220 (D.C.Cir.1996)).

The government denies that the Second Superseding Indictment is duplicitous and argues that it properly includes multiple transactions involving multiple banks, each of which could have been charged as a discrete offense, occurring from December, 1997 through March, 1999, in one count because all the transactions were committed during the course of a single, unified bank fraud scheme perpetrated by defendant. In response to the Court's inquiry concerning whether a jury must unanimously agree on any particular transaction that the government alleges makes up the unified scheme at oral argument on November 16, 2000, the government argued that although jurors must unanimously agree on each element that makes up the charge, they "need not also be unanimous as to the specific act or acts that was a means of satisfying the element." (AUSA Zweig Ltr., Nov. 22, 2000 at 2–3.) The government's position, therefore, is that because all of the means and methods (*e.g.,* obtaining false identification with false documentation, opening fraudulent accounts, negotiating checks on closed accounts, and causing others to do the same), which occurred between December, 1997 and March, 1999, were included in the scope of the single, unified scheme to defraud six financial institutions, defendant was properly charged with a one count violation of 18 U.S.C. §§ 1344 and 2.

### C. *The Law of Duplicity*

"Duplicity is the joining of two or more distinct offenses in a single count, so that a general verdict does not reveal exactly which crimes the jury found the defendant had committed." *United States v. Gomberg,* 715 F.2d 843, 845 (3d Cir.1983), *cert. denied,* 465 U.S. 1078, 104 S.Ct. 1439, 1440, 79 L.Ed.2d 760 (1984) (citation omitted). A duplicitous indictment compromises a defendant's Sixth Amendment right to know the charges against him. *See United States v. King,* 200 F.3d 1207 (9th Cir.1999)(citing *United States v. Aguilar,* 756 F.2d 1418, 1420 n. 2 (9th Cir. 1985)). Duplicitous indictments can also prejudice the defendant with respect to evidentiary rulings at trial and a general verdict in a duplicitous indictment would prevent the court from determining whether the jury was unanimous with respect to any of the offenses. *United States v. Starks,* 515 F.2d 112, 116–17 (3d Cir.1975). An indictment is not duplicitous in cases where the indictment does not charge different offenses in the same count, but instead charges different methods of completing the same offense. *United States v. Sourlis,* 953 F.Supp. 568, 572 (D.N.J.1996).

When a district court is faced with a motion challenging an indictment as duplicitous, the Court's review is limited; "the task is not to review the evidence . . . to determine whether it would support

charging several crimes rather than just one, but rather to solely assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Sourlis,* 953 F.Supp. 568, 572 (D.N.J.1996)(citing *United States v. Mastelotto,* 717 F.2d 1238, 1244 (9th Cir.1983)). In a fraud case such as this one, this Court must determine "the breadth of the fraudulent activity alleged in the count" and must then determine "whether [the fraudulent activities] all fall[ ] within one unitary 'scheme to defraud.'" *Sourlis,* 953 F.Supp. at 574 (quoting *Mastelotto,* 717 F.2d at 1244).

 If a court finds that an indictment is duplicitous it must take one of two courses of action; it must either dismiss the duplicitous count in the indictment, or require the government to make an election to select and charge one, but not all, of the offenses embraced in the duplicitous count. *See Sourlis,* 953 F.Supp. at 572; *United States v. Starks,* 515 F.2d 112, 117 (3d Cir.1975)(finding that a single count charging conspiracy to extort and attempt to extort was duplicitous and requiring an election). A duplicitous indictment cannot be cured by a bill of particulars. *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962); 1 Charles Alan Wright, Federal Practice and Procedure, Criminal §§ 125, 129 (3d ed.1999). The Supreme Court articulated the reason behind this rule in *Russell v. United States:*

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant would then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962).

### D. *Analysis*

The Court begins its analysis of this duplicity challenge by looking at the language of the bank fraud statute itself:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
>
> (1) to defraud **a financial institution;** or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, **a financial institution,** by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344 (emphasis added). The plain language of the statute defines one of the elements of bank fraud as a scheme to defraud "a financial institution," not a scheme to defraud financial institutions. None of the bank fraud cases cited here by the government involve a single count charging a defendant in a scheme to defraud more than one financial institution. The Court's extensive research turned up only one case in which a court allowed a single count of bank fraud to charge a defendant with orchestrating a scheme to defraud more than one financial institution, and that case, *United States v. Brown,* 894 F.Supp. 1150 (N.D.Ill.1995), while factually similar to this case, is of limited precedential value.

In *Brown,* the court denied the defendant's motion to dismiss count one of the indictment against him as duplicitous, where the count alleged that, over a period of two and one-half years, defendant executed a scheme to defraud twenty-two Chicago-area financial institutions in violation of 18 U.S.C. §§ 2 and 1344 by depositing or directing others to deposit worthless, stolen, and/or forged checks into the banks' accounts, and then drawing the money out prior to the banks' detection of the fraud. 894 F.Supp. at 1153. Defendant Brown, similar to Defendant Hinton, alleg-

edly controlled and directed the fraudulent activities of multiple other participants, some of whom were not aware of the activities of others.

In his motion to dismiss count one, Brown cited conspiracy cases holding that the mere presence of a central figure in a series of offenses was insufficient to allege a conspiracy involving all participants. *Id.* at 1154 (referencing *Kotteakos v. United States*, 328 U.S. 750, 754–55, 66 S.Ct. 1239, 1242–43, 90 L.Ed. 1557 (1946); *United States v. Bruun*, 809 F.2d 397, 410 (7th Cir.1987)). The court determined that the conspiracy cases cited were inapposite and held that in a bank fraud case, the defendant is liable as a principal or as an aider and abettor, and that the defendant need only associate himself with a criminal venture, here the bank fraud, and participate in it to be liable. *Brown*, 894 F.Supp. at 1155. The court concluded its discussion of the duplicity motion by writing, "although the government alleges numerous instances of bank fraud in furtherance of the common scheme, the Court will take careful steps to impress upon the jury that it must consider each of these instances as separate and distinct and enter a finding of guilty only if it is able to agree unanimously that the government has met its burden of proof in each instance." *Id.* at 1156. Apparently, the *Brown* court required the government to prove each of the many underlying fraudulent transactions beyond a reasonable doubt in order to succeed in proving the unified scheme.

In this case, the government has provided extensive discovery, including a detailed chart, as noted above, summarizing the salient characteristics of each of the 128 transactions as memorialized in hundreds or thousands of pages of documents. Such discovery, however, cannot cure an inherently defective indictment. Even if the Court were able to compose lengthy and detailed instructions to be presented to a jury, as was intended to be done by the court in *Brown*, it is unlikely that such instructions could adequately inform jurors about what facts would have to be found with respect to which financial institutions to constitute a scheme and obtain a conviction.

Certainly, this Court would not follow the *Brown* court's suggestion that the unified scheme involving multiple financial institutions survives a duplicitousness challenge only if the government succeeds in proving each fraudulent transaction beyond a reasonable doubt. Such an interpretation may save the Second Superseding Indictment from a duplicity challenge at the expense of requiring proof of 128 fraudulent transactions to prove a unified scheme. It makes no sense to find that the government must prove 128 crimes to prove one unified scheme. Moreover, the Court is unconvinced that it could craft jury instructions that would ensure juror unanimity for a single scheme and overcome the potential problems associated with the government's attempt to charge one fraud scheme against six different financial institutions in a single count indictment. Allowing this case to proceed on a duplicitous indictment would compromise defendant's right to know the charges pending against him and would prevent the Court from ensuring that any jury verdict against him was unanimous with respect to the charged offense.

 The government insists, correctly in this Court's view, that it need not prove each transaction in order to prove a unified scheme under §§ 1344 and 2. The execution of a scheme to defraud a financial institution is shown by proof of the existence of the scheme to defraud and proof that the defendant knowingly, willfully and with intent to defraud executed that scheme or aided and abetted others in doing so. *See Goldblatt*, 813 F.2d at 624. Under § 1344, the execution or the attempt to execute are equivalent and this essential element of § 1344 does not require proof that the scheme to defraud was even successful, so long as defendant knowingly attempted the scheme with intent to defraud the financial institution.

The listed transactions with each financial institution are only evidence of the execution (or attempted execution) of the scheme directed against that institution. The vice here is not that multiple transactions are involved in the scheme against a particular institution, but that schemes against six separate unrelated financial institutions are lumped into a single count contrary to the language of § 1344.

■ The Second Superseding Indictment charges one violation of 18 U.S.C. § 1344, yet it embraces at least 128 transactions executed in furtherance of frauds against six separate financial institutions. The dates and alleged perpetrator(s) for a particular institution's transactions do not generally overlap, no transaction was directed at more than a single institution, and none of the accounts used exists in more than one bank. Generally, different confederates were allegedly employed in contacts with the defrauded banks. In the event of a conviction, it would not be possible to determine which aspects of this so called unified scheme had been proved as to which financial institutions. The indictment, therefore, is duplicitous. Although it is understandable that the government would want to conserve its resources and simplify the prosecution of this defendant who is alleged to have managed the fraudulent transactions with each bank, for one unified scheme, it cannot do so in a one count indictment where six financial institutions are involved, even if distinct similarities in the means and methods of the schemes directed against each bank exist in the proofs.

■ In order to remedy this defective indictment, the Court must either dismiss the one count duplicitous indictment or require the government to make an election between charging one fraud against one financial institution in a single count. *See Sourlis,* 953 F.Supp. at 572; *United States v. Starks,* 515 F.2d 112, 117 (3d Cir.1975). Because the law is well established that a bill of particulars cannot cure a defective indictment, no other remedy is available or appropriate.

■ So, in light of the Court's decision on defendant's motion to dismiss the indictment as duplicitous, the government must elect to pursue one scheme to commit bank fraud against one bank or seek to have a Third Superseding Indictment returned, charging each scheme to defraud a financial institution in a separate count. While each count may involve multiple transactions in its alleged scheme, it cannot be combined in a single count with a scheme directed against another financial institution. If the government does not elect to continue with a single scheme to defraud a single financial institution under §§ 1344 and 2 or obtain a Third Superseding Indictment within twenty (20) days, then this Court must grant defendant's motion to dismiss the Second Superseding Indictment. Defendant's motion for a bill of particulars will be dismissed without prejudice as premature, pending the government's election.

### III. CONCLUSION

For the reasons stated in this Opinion, the Court will grant the defendant's motion to dismiss the present indictment as duplicitous and extend for twenty (20) days the period in which the government must either elect to proceed only upon a single scheme to defraud one of the institutions identified in Court One or obtain the return of a Third Superseding Indictment consisting of multiple counts consistent with this Opinion. The Court will dismiss defendant's motion for a bill of particulars as premature pending the government's election. The accompanying Order is entered.

### ORDER

This matter having come before the Court upon the motions of defendant, Haywood Hinton, for an order to dismiss the present indictment, charging a single violation of 18 U.S.C. § 1344 and 2 for knowingly and wilfully executing and attempt-

ing to execute a scheme and artifice to defraud various financial institutions, as duplicitous; and for and an order requiring a bill of particulars; and the Court having considered the submissions and oral arguments of counsel, the United States appearing through Assistant U.S. Attorney Gail Zweig, and the defendant appearing through Edward F. Borden, Jr., Esquire; and

The Court having found, for reasons stated in its Opinion filed today, that these motions should be granted in part, dismissed in part;

IT IS this day of December, 2000 hereby

ORDERED that defendant's motion to dismiss shall be *GRANTED* upon the following conditions; and

IT IS FURTHER ORDERED that the period in which the government must either elect to proceed only upon a single scheme to defraud one of the financial institutions identified in Count One or seek the return of a Third Superseding Indictment will expire in twenty (20) days;

IT IS FURTHER ORDERED that the Second Superseding Indictment should be *DISMISSED* upon the expiration of twenty (20) days unless the government first either elects to proceed upon a single scheme to defraud one of the financial institutions identified in Count One or files a Third Superseding Indictment containing no duplicitous count; and

IT IS FURTHER ORDERED that defendant's motion for a bill of particulars shall be, and hereby is *DISMISSED* without prejudice.