U.S. v. Hughes                          CR-00-136-JD  01/17/01
              UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE

United States of America

        v.                              Criminal No. 00-136-JD
                                        Opinion No. 2001 DNH 015
Boden Hughes


                          O R D E R


     The defendant, Boden Hughes, was indicted on one count

charging a conspiracy to transport and sell fish in violation of

the Lacey Act, 16 U.S.C.A. § 3372(a), and on three substantive

counts charging Hughes with violating the Lacey Act.  Hughes

moves for a bill of particulars, or in the alternative, to

dismiss, contending that the indictment does not provide a plain

and concise statement of the crimes charged.  The government

objects.

     The Lacey Act is a federal wildlife statute that imposes

federal penalties for violations of other federal and state laws

that protect fish and wildlife.[1]  The criminal penalties are

_____

     [1]Section 3372(a) provides as follows:

     (a) Offense other than marking offenses

     It is unlawful for any person--
     (1) to import, export, transport, sell, receive,
     acquire, or purchase any fish or wildlife or plant
     taken, possessed, transported, or sold in violation of

provided in § 3373(d).[2]

---

any law, treaty, or regulation of the United States or in violation of any Indian tribal law;

(2) to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce--
  (A) any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State or in violation of any foreign law, or
  (B) any plant taken, possessed, transported, or sold in violation of any law or regulation of any State;
(3) within the special maritime and territorial jurisdiction of the United States (as defined in section 7 of Title 18)--
  (A) to possess any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State or in violation of any foreign law or Indian tribal law, or
  (B) to possess any plant taken, possessed, transported, or sold in violation of any law or regulation of any State;
(4) to attempt to commit any act described in paragraphs (1) through (4).

[2]Section 3373(d) provides as follows:

(d) Criminal penalties

(1) Any person who--
  (A) knowingly imports or exports any fish or wildlife or plants in violation of any provision of this chapter (other than subsections (b) and (d) of section 3372 of this title), or
  (B) violates any provision of this chapter (other than

2

subsections (b) and (d) of section 3372 of this title) by knowingly engaging in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants with a market value in excess of $350, knowing that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation, shall be fined not more than $20,000, or imprisoned for not more than five years, or both. Each violation shall be a separate offense and the offense shall be deemed to have been committed not only in the district where the violation first occurred, but also in any district in which the defendant may have taken or been in possession of the said fish or wildlife or plants.

(2) Any person who knowingly engages in conduct prohibited by any provision of this chapter (other than subsections (b) and (d) of section 3372 of this title) and in the exercise of due care should know that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation shall be fined not more than $10,000, or imprisoned for not more than one year, or both. Each violation shall be a separate offense and the offense shall be deemed to have been committed not only in the district where the violation first occurred, but also in any district in which the defendant may have taken or been in possession of the said fish or wildlife or plants.

(3) Any person who knowingly violates section 3372(d) of this title--

  (A) shall be fined under Title 18, or imprisoned for not more than 5 years, or both, if the offense involves--

In Count One, the indictment charges that Hughes, with other named and unnamed persons, "did unlawfully, willfully and knowingly conspire and agree to commit offenses against the United States, namely, interstate sale of fish or wildlife knowingly taken, possessed, transported or sold in violation of federal and state law, said fish or wildlife having a market value of at least three hundred fifty dollars ($350.00), in violation of 16 U.S.C. §§ 3372(a) and 3373(d)." As objects of the conspiracy, the indictment charges that Hughes and his co-conspirators "would catch and retain codfish in excess of the permissible legal limits then in effect" and "make material false statements and omissions on forms required to be filed with the National Marine Fisheries Service in order to conceal the true quantity of codfish caught and kept." As a further part of the conspiracy, Hughes and his co-conspirators "would fillet the cod in order to sell them to businesses in New Hampshire and

---

    (i) the importation or exportation of fish or wildlife or plants; or
    (ii) the sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase fish or wildlife or plants with a market value greater than $350; and
(B) shall be fined under Title 18, or imprisoned for not more than 1 year, or both, if the offense does not involve conduct described in subparagraph (A) of this subsection.

4

Massachusetts," "transport[] the fillets from Maine through New Hampshire to locations in Massachusetts and New Hampshire," and "divide the proceeds from the sales of the fillets amongst themselves for their personal benefit." As charged, they also "attempted to avoid discovery of their illegal acts by endeavoring to persuade others to provide false information to law enforcement officers investigating the illegal acts or to destroy or alter records documenting the illegal sales."

As some of the overt acts committed in furtherance of the conspiracy, the indictment lists false statements made by two of the conspirators on "Fishing Vessel Trip Reports" "so as to understate the take of cod they kept for sale." The conspirators are also charged with filleting some of the cod that were in excess of the legal limits and hiding the fillets, making telephone calls to arrange for the sale of the fillets, transporting the fillets for sale, and sharing the proceeds from the sale of the fillets. One of the conspirators is alleged to have attempted to persuade a person to destroy records about the sale of fillets.

Counts Two, Three, and Four charge Hughes with interstate transportation and sale of prohibited fish on certain dates in violation of § 3372(a) and 3373(d). Counts Two and Three are identical; both charging violations on August 13, 1999, without

any other differentiating facts alleged.

In his motion for a bill of particulars or, in the alternative, to dismiss, Hughes contends that the indictment is insufficient because the indictment does not specify the federal or state laws that the government charges were violated, some of which may be exempt from enforcement under the Lacey Act. Hughes also contends that Counts Two and Three, which are identical, should be dismissed as duplicitous or they should be merged into a single count.

In response, the government says that Hughes "misunderstands the conspiracy alleged in count one, as the count does not allege a conspiracy to exceed the cod limits, it alleges a conspiracy to sell, in interstate commerce, fish that had been knowingly taken and possessed in violation of state law or regulation." The government then explains that certain regulations promulgated by the Maine Department of Marine Resources apply to the charges against Hughes. As to Counts Two and Three, the government says that Hughes should know from the discovery provided that he is charged with two different sales on August 13, 1999, which form the bases for the two identical counts.

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . The indictment or

6

information shall state the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Fed. R. Crim. P. 7(c)(1). "'[A]n indictment is sufficiently particular if it elucidates the elements of a crime, enlightens a defendant as to the nature of the charges against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense.'" United States v. Whiffen, 121 F.3d 18, 21 (1st Cir. 1998) (quoting United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993)); see also Hamling v. United States, 418 U.S. 87, 117 (1974). An insufficient indictment, however, cannot be cured by a bill of particulars, since substantive amendments to an indictment must be made by a grand jury. See Russell v. United States, 369 U.S. 749, 770-71 (1962); United States v. Santa-Manzano, 842 F.2d 1, 2-3 (1st Cir. 1988); United States v. Tomasetta, 429 F.2d 978, 980 (1st Cir. 1970). Similarly, a defective indictment cannot be saved by providing broad discovery. See United States v. Walsh, 194 F.3d 37, 45 (2d Cir. 1999); United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979); United States v. Hinton, 2000 WL 1860523, at *6 (D.N.J. Dec. 20, 2000); United States v. Knowles, 2 F. Supp. 2d 1135, 1140 (E.D. Wisc. 1998).

The indictment in this case is insufficient. The fact that the government contends in its objection that the defendant

7

misunderstands Count One is telling.  Despite the government's explanation in its objection that Hughes is charged with violating certain Maine regulations pertaining to fish fillets, Count One does not include allegations as to all of the elements of those regulations and also appears to charge him with participating in a conspiracy to catch and retain fish in excess of the permissible legal limits.  The indictment does not cite any state or federal regulation or law that Hughes is accused of violating as the basis for imposing a penalty under the Lacey Act.  Therefore, Count One fails to satisfy the requirement in Rule 7(c)(1) that the indictment "state the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated."

Counts Two, Three, and Four charge violations of "the regulations of the United States and of the State of Maine" without citations to any specific regulations.  Those counts are also insufficient under Rule 7(c)(1).  In addition, Counts Two and Three, which are identical, do not include any distinguishing factual bases for the criminal conduct charged in each count and therefore provide inadequate notice of the nature of each charge.

Therefore, the indictment is insufficient to satisfy the requirements of Rule 7(c)(1) and is dismissed without prejudice.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 8) is granted without prejudice. His motion for a bill of particulars is denied as moot. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

January 17, 2001

cc:  Phillip R. Desfosses, Esquire
     Donald A. Feith, Esquire
     U.S. Probation
     U.S. Marshal